UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry Gene Martin, Jr.**, #313931                       ) | C/A No. **4:08-00603-MBS-TER** |
| )                                                           | |
| Petitioner,                                                 ) |
| )                                                           | |
| v.                                                          ) | REPORT AND RECOMMENDATION |
| )                                                           | |
| Warden, Lieber,                                             ) |
| )                                                           | |
| Respondent.                                                 ) |
| )                                                           | |

Larry Gene Martin, Jr. (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.* Petitioner is an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

## *Pro Se* Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

*Pursuant to the provision of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case should be dismissed because the petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81 (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under 28 U.S.C. § 2254). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-20 (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file a request for writ of certiorari with the South Carolina appellate courts. S.C. Code Ann. § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (1985). In fact, if a petitioner's application for post-conviction relief is denied by a Court of Common Pleas, the petitioner must seek appellate review in the South Carolina courts, or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the State's established appellate review process by presenting the ground for relief in a face-up and square fashion).

According to the petition, the petitioner's direct appeal has been filed and is pending in the South Carolina Court of Appeals. Otherwise in the petition, Petitioner refers constantly to an attached memorandum. (Docket Entry # 12-2.) In his memorandum, Petitioner claims that certain tactical moves he has made in his direct appeal meet the exhaustion requirement. (Petr.'s Mem. at 3.) Petitioner also objects that he is required to exhaust state remedies. (Petr.'s Mem. at 3.) Regardless, Petitioner clearly states in the petition that he has not received a decision on his direct appeal, and he indicates that he has not filed for post-conviction relief. Therefore, he has failed to exhaust his state court remedies before filing this petition, and this petition should be dismissed. The

United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return. *See Eriline Co. S. A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 22, 2008
Florence, South Carolina

**The petitioner's attention is directed to the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).